**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED and Opinion Filed June 23, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00290-CV**
_____

**IN THE MATTER OF THE MARRIAGE OF KECHIA KYLES DAY AND THOMAS DAY**

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-72959**

# MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Garcia
Opinion by Justice Garcia

Kechia Kyles (formerly Kechia Kyles Day) appeals from a final decree of divorce and raises three issues on appeal. We conclude that the trial judge erred by stopping the trial before Kyles finished presenting her case. Accordingly, we reverse the decree—save for the provisions granting the parties a divorce and changing Kyles's name—and remand for further proceedings.

## I. Background

Kyles filed a petition for divorce, and her husband, Thomas Day, filed a counter-petition for divorce.

The case was tried without a jury via Zoom. Kyles was the first witness, and she testified that she and Day had no children. Soon thereafter (twenty-two reporter's record pages into Kyles's testimony), Day began interrupting the proceedings with constant outbursts, mostly accusing Kyles of lying. When the trial judge proved unable to stop Day from interrupting, she stopped the trial and announced that she was going to grant the divorce and do a just and right division of the property.

On January 29, 2021, the trial judge signed a final decree of divorce that granted the parties a divorce, granted Kyles a name change from Kechia Kyles Day to Kechia K. Kyles, and divided the parties' assets and liabilities.

Kyles timely filed a motion for new trial arguing, among other things, that the trial judge had erred by cutting the trial short. The record does not contain an order ruling on the motion, so we conclude that it was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

Day's counsel filed a suggestion of death stating that Day had died on or about March 23, 2021.

Kyles timely filed her notice of appeal, and the appeal was assigned to the Fourteenth District Court of Appeals. The appeal was then transferred to this Court pursuant to an order of the Texas Supreme Court. Accordingly, we are bound to follow the precedential opinions of the Fourteenth District Court of Appeals. *See* TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, No. 21-0326, 2022 WL 1510317, at *5 n.12 (Tex. May 13, 2022).

No appellate brief has been filed on behalf of Day's estate. Nevertheless, given the procedural posture of this case, we adjudicate this appeal as though Day were still alive. *See* TEX. R. APP. P. 7.1(a).

## II. Issues Presented

Kyles presents three issues on appeal. First, she argues that the trial judge reversibly erred by stopping the trial in the middle of Kyles's case in chief and then rendering judgment before Kyles concluded her case and rested. Second, she argues that a provision in the divorce decree ordering the sale of Kyles's separate property was reversible error. Third, she argues that the trial judge erred by making a grossly disproportionate property division.

## III. Analysis

In her first issue, Kyles argues that the trial judge committed reversible error by terminating the trial during Kyles's case in chief and rendering judgment based on the incomplete trial. We agree.

The outcome is dictated by *In re Marriage of Torres Alvarado & Gomez Martinez*, No. 14-19-00250-CV, 2021 WL 1920879 (Tex. App.—Houston [14th Dist.] May 13, 2021, no pet.) (mem. op.). In that divorce case, child-custody issues were tried to a jury, and the trial judge told the parties that she would reserve property-division issues for nonjury determination. *Id*. at *1. At the end of the jury trial, the parties rested subject to the issues that they agreed would be tried before the court later. *Id*. However, the trial judge later rendered a final judgment resolving

–3–

all matters, including property division, without a further evidentiary hearing. *Id.* at *2. One party appealed, arguing that the trial judge had erred by deciding the property-division issues without conducting or completing an evidentiary hearing or trial thereon. *Id.* The court of appeals agreed and reversed, making the following holdings:

- The appellant preserved error by raising the complaint in her motion for new trial, which the trial court denied. *Id.* at *2, 3.

- The law required the trial judge to have a contested evidentiary hearing or trial before exercising its discretion to divide the estate. *Id.* at *3.

- Although some evidence relevant to the property division was admitted during the jury-trial phase of the case, the trial judge could not render judgment against a party before that party had an opportunity to offer evidence and rested. *Id.* at *6–7.

- When a trial judge erroneously renders judgment before the parties have rested and the evidence has been closed, the aggrieved party need not make an offer of proof to establish harm; rather, harm will be presumed. *See id.* at *7.

The foregoing holdings are dispositive in the instant case. Kyles preserved her complaint in the trial court by including it in her motion for new trial. *See* TEX. R. APP. P. 33.1(b) (overruling of motion for new trial by operation of law preserves complaint properly made in motion unless taking evidence was necessary to properly present complaint to trial court); *In re Marriage of Torres Alvarado & Gomez Martinez*, 2021 WL 1920879, at *3. The trial judge erred by terminating the trial before Kyles had completed her case in chief or rested. *See In re Marriage of Torres*

*Alvarado & Gomez Martinez*, 2021 WL 1920879, at \*6–7. And Kyles need not show harm from this error. *See id*. at \*7.

We sustain Kyles's first issue on appeal. Because her second and third issues would not entitle her to more appellate relief than her first issue does, we need not and do not address them. *See* TEX. R. APP. P. 47.1.

## IV. Disposition

We affirm the portions of the trial court's Final Decree of Divorce that (1) grant Kyles a divorce from Day on the ground of insupportability and (2) order that Kyles's name be changed from Kechia Kyles Day to Kechia K. Kyles. We reverse the Final Decree of Divorce in all other respects, and we remand this case to the trial court for further proceedings consistent with this opinion.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

210290F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF THE
MARRIAGE OF KECHIA KYLES
DAY AND THOMAS DAY

No. 05-21-00290-CV

On Appeal from the 309th District
Court, Harris County, Texas
Trial Court Cause No. 2019-72959.
Opinion delivered by Justice Garcia.
Justices Carlyle and Smith
participating.

In accordance with this Court's opinion of this date, the trial court's Final Decree of Divorce is **AFFIRMED** in part and **REVERSED** in part. We **AFFIRM** the portion of the Final Decree of Divorce that grants Kechia Kyles Day a divorce from Thomas Day on the ground of insupportability, and we **AFFIRM** the portion of the Final Decree of Divorce that orders that Kechia Kyles Day's name be changed to Kechia K. Kyles. We **REVERSE** the Final Decree of Divorce in all other respects. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear his or her own costs of this appeal.

Judgment entered June 23, 2022.